# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 25, 2009

Charles R. Fulbruge III
Clerk

No. 08-51004
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROBERT ALVARADO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-3288-ALL

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Robert Alvarado appeals the 210-month sentence imposed following his guilty plea conviction for conspiracy to manufacture five grams or more of methamphetamine. Alvarado argues that the district court clearly erred in making an upward adjustment for obstruction of justice. He contends that the Government failed to provide evidence to corroborate a confidential source's (CS) statement that Alvarado threatened her when he discovered that she was carrying electronic monitoring equipment during a drug purchase.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For an obstruction-of-justice enhancement, the district court's factual findings are reviewed only for clear error. *United States v. Holmes*, 406 F.3d 337, 363 (5th Cir. 2005). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *Id.*

Under U.S.S.G. § 3C1.1, a defendant's offense level should be increased by two levels if the defendant threatens, intimidates, or otherwise unlawfully influences a co-defendant directly or indirectly. § 3C1.1, comment. (n.4(a)). Although the Government was required to provide reliable evidence of intimidation, it was not required to provide independent corroborating evidence that the CS was threatened by Alvarado because the CS was a recognized coconspirator of Alvarado's and not an unidentified informant. *See* § 6A1.3, p.s., comment; *United States v. Rogers,* 1 F.3d. 341, 343-44 (5th Cir. 1993). It could also be inferred that Alvarado's seizure of the bag after discovering it held electronic monitoring equipment constituted an act of intimidation, especially in light of Alvarado's well known reputation for violent behavior.

The district court's decision to apply the adjustment for obstruction of justice was plausible in light of the record as a whole, and thus, did not constitute clear error. *See Holmes,* 406 F.3d at 363.

The sentence is AFFIRMED.