# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 14, 2011

Lyle W. Cayce
Clerk

No. 10-50257
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

VERONICA FUENTES,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-1920-1

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Veronica Fuentes appeals the sentence imposed following her guilty-plea conviction for importing marijuana, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1), and for possession, with intent to distribute, marijuana, in violation of 21 U.S.C. § 841(a)(1).  She contends the district court erred by:  increasing her base offense level by two levels for obstruction of justice, pursuant to Guideline § 3C1.1, because the only evidence of her allegedly obstructive conduct was her former roommate's uncorroborated, out-of-court statement to Immigration and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Customs Enforcement Agents; and denying a reduction for acceptance of responsibility, pursuant to Guideline § 3E1.1, because that denial was based, in part, on the district court's determination that she obstructed justice.

Fuentes was assessed the obstruction-of-justice enhancement because she attempted to impede the investigation by instructing her roommate, Lorena Alvarez, to lie if questioned by authorities about Fuentes' drug-related conduct, as evidenced by Alvarez' statements to law enforcement.

The district court's determination that Fuentes obstructed justice is a factual finding reviewed only for clear error. *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008). "There is no clear error if the district court's finding is plausible in light of the record as a whole." *Id.*

Fuentes maintains the district court clearly erred because Alvarez' uncorroborated statement lacked sufficient indicia of reliability to support its probable accuracy. At sentencing, the court "may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy". U.S.S.G. § 6A1.3(a); *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010). This includes uncorroborated hearsay. U.S.S.G. § 6A1.3 cmt.; *Nava*, 624 F.3d at 231. Accordingly, Fuentes' contention that Alvarez' out-of-court statement required corroboration is misplaced. *See* U.S.S.G. § 6A1.3 cmt. (corroboration requirement only applies to "unidentified" informants); *United States v. Alvarado*, 341 F. App'x 989, 990 (5th Cir. 2009) (corroboration requirement inapplicable to a known coconspirator such as Alvarez).

The court "may adopt the findings of the [presentence investigation report (PSR)] without additional inquiry if those facts have an evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information is materially unreliable". *United States v. Ford*, 558 F.3d 371, 377 (5th Cir. 2009) (internal citation and quotation marks omitted). A PSR "generally bears sufficient indicia

of reliability to be considered as evidence by the sentencing judge in making factual determinations". *Nava*, 624 F.3d at 231 (internal citation and quotation marks omitted). The defendant bears the burden of demonstrating that the information in the PSR is materially unreliable. *Id.*; *Ford*, 558 F.3d at 377.

Fuentes did not provide any rebuttal evidence to refute the information in the PSR, nor did she allege or demonstrate that the information was materially untrue. Thus, the district court was free to adopt such information as its findings without further inquiry or explanation. *See Ford*, 558 F.3d at 377.

Regarding Fuentes' assertion that the district court erred when it denied her a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 because the denial was based, in part, on the court's determination she had obstructed justice, she again contends her roommate's uncorroborated, out-of-court statement to ICE Agents was unreliable.

An acceptance-of-responsibility denial is reviewed under a standard more deferential than the clearly-erroneous standard. *See United States v. Washington*, 340 F.3d 222, 227 (5th Cir. 2003). "The ruling should not be disturbed unless it is without foundation." *Id.* (internal citation and quotation marks omitted). Defendant bears the burden of proving entitlement to the reduction. *United States v. Thomas*, 120 F.3d 564, 574-75 (5th Cir. 1997).

"Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E1.1, cmt. n.4. Fuentes fails to show this is one of these "extraordinary cases".

AFFIRMED.